UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN ERIC GREER, I,

    Plaintiff,

v.                                    Civil Action 2:22-cv-3443
                                      Judge Sarah D. Morrison
                                      Magistrate Judge Chelsey M. Vascura

SUSAN G. HARRELD, *et al.*,

    Defendants.

**OPINION AND ORDER**

    This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 34). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

    Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the

amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Here, the Court understands Plaintiff to seek amendment because "the Amended Complaint ECF 21) left off Bryan Greer from the relief section on page 125." (Pl.'s Mot. to Correct Am. Compl., ECF No. 32.) Defendants share this understanding. (Defs.' Mem. in Opp. 2, ECF No. 37) ("Defendants can only assume that Plaintiff Greer's request to amend relates to Plaintiff's references from ECF 32 relating to adding new defendant Bryan Greer's name to the Prayer for Relief section.") Accordingly, although Plaintiff has not attached a proposed Second Amended Complaint to his Motion, the Court expects that any Second Amended Complaint would be identical to the First Amended Complaint, with the exception of adding Defendant Bryan Greer to the relief section on page 125. Given that Plaintiff seeks a minimal change related to a Defendant who has not yet been served with process, and that Rule 15 directs the Court to "freely give leave" to amend the pleadings, the Court will grant Plaintiff's Motion.

Defendants' arguments to the contrary are unavailing. Defendants contend that Plaintiff has failed to identify good cause for amendment, but a showing of "good cause" is required only after the deadline for motions to amend the pleadings has passed. *See* Fed. R. Civ. P. 16(b)(4). Because no case schedule has been entered and no deadline for pleading amendments set, Plaintiff need only satisfy the more lenient standard of Rule 15(a)(2). Further, Defendants assert that amendment is unnecessary because, "to the extent Brian Greer is included in the claims above, his participation in the request for relief can be inferred" without the need for amendment. (Defs.' Mem. in Opp. 2, ECF No. 37.) However, Defendants themselves relied on Bryan Greer's absence from the relief section in their Motion to Strike the First Amended

2

Complaint, suggesting that the omission is not immaterial. (Defs.' Mot. to Strike 5, ECF No. 22) ("Notably, Steven Greer does not include a request for judgment against Bryan in his Prayer for Relief, rather only the original Defendants are referenced.").

In sum, for the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 34) is **GRANTED**. Plaintiff is **ORDERED** to file his Second Amended Complaint, which shall be identical to his First Amended Complaint, with the exception of adding Defendant Bryan Greer to the relief section on page 125, **WITHIN FOURTEEN DAYS** of the date of this Order.

Because Plaintiff's Second Amended Complaint will supersede Plaintiffs' First Amended Complaint, Defendants' Motion to Strike Amended Complaint (ECF No. 22) is **DENIED AS MOOT**. Defendants of course remain free to raise the same arguments in responding to Plaintiffs' Second Amended Complaint.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE